UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATLAS OIL COMPANY and
ATLAS OIL TRANSPORTATION,
INC.,

                              Case No. 2:20-cv-10877
                              District Judge Arthur J. Tarnow
       Plaintiffs,        Magistrate Judge Anthony P. Patti

v.

EXTREME PETROLEUM
SERVICES COMPANY and
GLENDA RENAE AKIN,

       Defendants.

_____/

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL (ECF No. 33)**

      Currently before the Court is Plaintiffs' motion to compel Defendants' responses to discovery requests and production of documents dated May 20, 2021. (ECF No. 33.) Defendants have filed an extremely short response, which states that they responded to the discovery requests after the motion was filed and that it should thus be considered moot. (ECF No. 36.) Plaintiffs have filed a reply, which points out that Defendants' untimely interrogatory answers are predominantly a series of already waived boilerplate objections and that no documents have been produced. (ECF Nos. 38, PageID.585.) Judge Tarnow referred this motion to me for hearing and determination, and I conducted an on-the-record video status

1

conference on September 29, 2021, at which attorneys Herman D. Hofman and David M. Zack appeared.  The parties stipulated to various extensions of the deadlines for responding to their respective discovery requests, *e.g.*, to July 26, 2021 (ECF No. 32) and to August 25, 2021 (ECF No. 33-3).  As of August 30, 2021, Defendant had yet to respond (ECF No. 33-4); nor had Defendant responded by the time Plaintiffs filed its motion on September 3, 2021, even though concurrence had been sought (ECF No. 33, PageID.532).  And, as mentioned above, the responses served mid-September 2021 were largely boilerplate objections without document production. (ECF No. 39.)  After discussing the issues in this motion, both sides agreed that no additional hearing or oral argument on the motion was necessary.

For the reasons stated on the record, <u>all of which are incorporated by reference as though fully restated herein</u>, Plaintiffs' motion to compel (ECF No. 33) will not be noticed for hearing and is **GRANTED** as follows:

- Defendants' September 2021 objections (ECF No. 39) are waived as untimely;

- No later than **October 13, 2021,** Defendants must serve complete and substantive:  **(1)** sworn answers to Interrogatory Nos. 1-20; and, **(2)** responses to Requests for Production Nos. 1-38 (including responsive documents) <u>without objection</u>; and,

- Plaintiffs are entitled to payment of expenses – jointly by Defendants and their counsel – consistent with Fed. R. Civ. P. 37(a)(5)(A) ("… if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving

an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."), as the exceptions to this rule do not apply here, *i.e.*, Defendant's "nondisclosure, response, or objection was [not] substantially justified[,]" and "other circumstances [do not] make an award of expenses unjust[,]" (*id*.).

- It should not have been necessary for Plaintiff to file this motion in order to obtain the discovery owed, and, once finally served, the responses should have been complete, *sans* boilerplate objections. Plaintiffs have until **October 11, 2021** by which to file a properly supported and sworn bill of costs. If Defendants object to the hourly rate and/or the reasonableness of the hours for which Plaintiffs seek reimbursement, then Defendants shall file a response no later than **October 21, 2021**, after which the Court will issue its ruling in this regard. However, the Court strongly encourages the parties to discuss the issue of reasonable costs and expenses, because the parties reaching an agreement on the compensable amount is more efficient than involving the Court.

**IT IS SO ORDERED.**[1]

**Dated:** October 1, 2021

Anthony P. Patti
U.S. MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).